UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PRETRIAL NOTICE**

**This notice contains new material. Revised April 2021.**

IT IS ORDERED that a pretrial conference will be held in chambers before **Judge Sarah S. Vance, Section "R,"** in the cases shown on the attached scheduling order on the dates and the times there indicated.

The purpose of the pretrial conference is to secure a just and speedy determination of the issues. If the type of pretrial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The attorneys who will try the case shall attend the pretrial conference, unless the Court grants permission before the conference for other counsel to attend. These attorneys shall familiarize themselves with the pretrial rules and shall attend the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure. Counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pretrial order. Save your time, the Court's time, and the client's time and money.

The Court will not continue pretrial conferences except for good cause shown in a **written** motion submitted sufficiently in advance of the conference for opposing counsel to respond. Counsel's failure to appear at the conference may result in sanctions, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorneys' fees, default, or other appropriate sanctions.

The procedure necessary to prepare the formal pretrial order that will be reviewed and entered at the conference is as follows:

## I.     Meeting of Counsel

Counsel for all parties shall confer in person or by telephone at their earliest convenience, and **no later than ten days before the scheduled pretrial conference**, to arrive at all possible stipulations and to exchange copies of documents and identify the deposition testimony that will be offered into evidence at trial. Counsel for plaintiff shall initiate this conference, and other counsel shall respond. Any party that, after reasonable effort, cannot obtain the cooperation of other counsel shall communicate immediately with the Court.

Counsel shall furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. Counsel for plaintiff shall then prepare a pretrial order and submit it to other counsel, after which all counsel jointly will submit the final draft of the proposed pretrial order to the Court.

At their meeting, counsel shall consider the following:

>   A.   **Jurisdiction.** Because jurisdiction may not be conferred by consent and because prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel shall make reasonable efforts to ascertain that the Court has jurisdiction.
>   B.   **Parties.** Counsel shall make reasonable efforts to identify all legal entities correctly, including the correct designation of a party as a partnership, corporation, or individual d/b/a trade name. Counsel shall also consider whether it is necessary to appoint a tutor, guardian, administrator, executor, etc., and the validity of any appointment already made.

    **C.**    **Joinder.** Counsel shall consider questions of misjoinder or nonjoinder of parties.

    **D.**    **Exhibits.** The parties shall exchange copies of all exhibits, and agree as to their admissibility. As to any exhibits to which the parties cannot agree, they shall submit memoranda (with the contested exhibits attached) no later than **the date for the filing of the pretrial order.** The proponent of the exhibits shall explain why the exhibit is admissible, and the opponent shall explain why the exhibit is inadmissible.

    **E.**    **Deposition Testimony.** The parties shall agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to deposition testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit. As to all objections that cannot be amicably resolved, the parties shall submit memoranda on the unresolved objections no later than **the date for the filing of the pretrial order.** The parties shall provide specific reasons, beyond mere citation to the rule of evidence, in support of their positions.

## II.    Pretrial Order

The pretrial order shall be electronically submitted to the Court **no later than 12:00 p.m. (noon)** on a day that allows at least one full business day prior to the pretrial conference, excluding Saturdays, Sundays, and holidays (e.g., if the conference is set for Thursday, the pretrial order must be submitted by 12:00 p.m. on Tuesday).

The pretrial order shall bear the signatures of all counsel when it is submitted to the Court and shall contain an appropriate signature space for the Judge. Following the pretrial conference, the Court will file the signed copy of the order into the record. The order will set forth:

    1.    The date of the pretrial conference.

2. The appearance of counsel, identifying the party(ies) represented.

3. A description of the parties, and in cases of insurance carriers, insured(s) must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims, cross claims, etc.

4. A brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim, third-party claim, etc., and the legal and jurisdictional basis for each claim, or if contested, the jurisdictional questions.

   In diversity damage suits, the Court may dismiss the action, either before or after trial, when it appears that the damages could not reasonably come within the jurisdictional limitation. Therefore, the proposed pretrial order in such cases shall contain either a stipulation that $75,000 is involved or a summary of the evidence supporting the claim that such sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated, and any special issues appropriate for determination before trial. If the Court at any prior hearing has indicated that it would decide certain matters pretrial, counsel shall include a brief summary of those matters and the position of each party with respect thereto.

6. A brief summary of the material facts claimed by:
   a. Plaintiff
   b. Defendant
   c. Other parties.

7. A **single listing** of all uncontested material facts.

**8.** A **single listing** of the contested issues of fact. Counsel need not concur in a statement of the issues, but they must include all issues of fact in a single list. Where applicable, particularities concerning the following fact issues shall be set forth:

- **a.** Whenever there is an issue regarding the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;
- **b.** Whenever there is an issue regarding the negligence of the defendant or the contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;
- **c.** Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;
- **d.** Whenever the alleged breach of a contractual obligation is at issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;
- **e.** Whenever the meaning of a contract or other writing is at issue, all facts and circumstances surrounding execution and events subsequent to execution, both those admitted and those in issue, which either party contends serve to aid interpretation, shall be specified with particularity;
- **f.** Whenever duress or fraud or mistake is at issue, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (S*ee* Fed. R. Civ. P. 9(b)) shall also be set forth in the pretrial order;
- **g.** If special damages are sought, they shall be itemized with particularity. (*See* Fed. R. Civ. P. 9(g));

       **h.**    If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

**9.**    A **single listing** of the contested issues of law. (*See* explanation in 8 above.)

**10.**    For each party, a list and description of exhibits intended to be introduced at trial.

       **a.**    Each list of exhibits shall first describe those that are to be admitted without objection and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties) and the nature of the objection. Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pretrial order;

       **b.**    Any party that believes it has **good cause** not to disclose exhibits to be used solely for impeachment, may *ex parte* request a conference with the Court and make its position known to the Court *in camera*.

       **c.**    Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order. If there are such exhibits, the pretrial order shall state "The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference."

       **d.**    Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be admissible at trial.

       **e.**    Each party shall submit to the Court on the day of trial a list of exhibits properly marked for identification which it desires to use at trial.

11. For each party, a list of all deposition testimony to be offered into evidence.

12.
   a. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects (demonstrative exhibits) that, although not to be offered in evidence, respective counsel intend to use at trial.
   b. Either a stipulation that the parties have no objection to the use of the demonstrative exhibits or a statement of the objections to their use.

13.
   a. A list of witnesses for all parties, including the names, addresses, and statement of the general subject matter of their testimony (it is not sufficient to designate the witness as simply "fact," "medical" or "expert").
   b. A statement that the witness list was filed in accordance with prior court orders. The Court will not permit any witness, expert or fact, to testify unless there has been compliance with the Scheduling Order as it pertains to witnesses, except upon motion for good cause shown. This restriction will not apply to rebuttal witnesses whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify. Nor shall experts be permitted to testify to opinions not included in the reports timely furnished;
   c. Except for good cause shown, the Court will not permit any witness to testify unless counsel has complied completely with

    all provisions of the pretrial order and prior court orders with respect to such witness.

14. A statement indicating whether the case is a jury or non-jury case. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which shall be specified. In jury cases, add the following provision:

    > "Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to opposing counsel and filed with the Court no later than five business days prior to trial, unless otherwise ordered by the Court."

15. In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum."  It is the policy of this Court in appropriate cases to try issues of liability and quantum separately.  Accordingly, counsel should be prepared to discuss at the pretrial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on_____, 20__at _____ a.m./p.m., and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given. In addition, the proposed order must contain a sentence including the trial date and time previously assigned.

18. The statement that "This pretrial order has been formulated after conference at which counsel for the respective parties have appeared. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pretrial order must contain appropriate signature spaces for counsel for all parties and the district judge.

**EACH NUMBERED PARAGRAPH IS TO BE PRECEDED BY A HEADING DESCRIPTIVE OF ITS CONTENT**

### III. Pretrial Deadlines

Unless otherwise stated, the following materials must be filed electronically **no later than 5:00 p.m. five business days before trial** (e.g. if trial is set for a Monday, it must be submitted by 5:00 p.m. on the previous Monday):

1. The parties shall deliver to chambers **two bench books of tabbed exhibits**, with a corresponding exhibit list. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, then sufficient copies of such exhibits must be available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used.

2. The parties shall exchange **witness lists**, and file a copy of the list with the Court. The list shall identify the witnesses whom the party intends to call at trial in its case in chief. The party who lists these witnesses shall make them available to all other parties, regardless of whether the listing party actually

calls the witness. Any witness not listed shall not be permitted to testify, except for rebuttal witnesses.

3. A **trial memorandum** is required only when and to the extent ordered by the Court. However, any party may in any event submit such memoranda, and should accomplish this with respect to any anticipated evidentiary problems that require further briefing and jury instructions that require explanation beyond mere citation to authority. Responses to trial memoranda shall be due no later than **three business days before trial.**

4. In a jury case, **proposed jury instructions, special jury interrogatories, and any special questions** that the Court is asked to put to prospective jurors on voir dire shall be delivered to counsel and filed with the Court.

5. In non-jury trials, the parties shall submit **suggested findings of fact and conclusions of law**. The proposed findings of fact shall be supported by references to specific evidence, such as exhibit numbers or names of witnesses. In the case of deposition testimony, the parties shall cite to the specific line and page. Conclusions of law shall be supported by relevant case authority.

6. Any party that wishes to use any **demonstrative exhibit** at trial shall submit a copy to opposing counsel no later than **five business days before trial.** If there is opposition to its use, counsel for all parties shall submit the dispute to the Court no later than **three business days before trial** (in the same manner described for objections to evidentiary exhibits and testimony).

7.  Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations to frame a response unless the factual elements of such questions have been submitted to that witness no later than **three business days** before trial.

    **IT IS FURTHER ORDERED** that the foregoing Pretrial Notice be mailed to counsel of record for all parties to this case, and counsel will comply with the directions set forth herein.

New Orleans, Louisiana

_____
SARAH S. VANCE
United States District Judge