# Stephanie Dovalina, Esq.

700 Camp Street, Suite 105
New Orleans, LA 70130
504.528.9500 (Office)
504.353.9516 (Facsimile)
504.339-9815 (Mobile)

stephanie@dovalinalawgroup.com
Licensed in Louisiana
Georgia, and Mississippi

December 16, 2019

**VIA CERTIFIED MAIL AND EMAIL**
Roy L. Juncker, Jr.
Director, Juvenile Services
1546-B Gretna Blvd.
Harvey, LA 70058
rjuncker@jeffparish.net

Re:   Donya Snowton FMLA and Sick Leave

Dear Mr. Juncker,

I represent Mrs. Snowton, who is in receipt of your letter dated December 10, 2019, entitled Re: FMLA and Sick Leave. Your letter indicates that Mrs. Snowton's doctor's note does not excuse her absence and that if she requires time off for her own medical condition, she must submit a second set of FMLA paperwork with a medical certification; and that she is currently listed as AWOL.

Mrs. Snowton provided both notice of her sick leave and an FMLA application for her spouse's serious medical condition pursuant to department practice and procedure. Jefferson Parish policy on FMLA leave Section 6, requires that the appointing authority notify the employee of their eligibility to take FMLA leave within five (5) business days by providing the "Notice of Eligibility and Rights & Responsibilities" to the employee. Moreover, the Family Medical Leave Act codified as 29 USCS §2615 mandates that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the title."

The appointing authority was required to provide Mrs. Snowton with a response by December 13, 2019, as to the eligibility of her submitted FMLA application for her spouse's serious medical condition. Your letter fails to indicate whether the appointing authority has made a determination as to eligibility for her FMLA application or is disputing her application. The appointing authority failed to provide Mrs. Snowton with the required notice and determination within its written policies. Moreover, Mrs. Snowton's last paycheck did not include any pay related to the sick days she took from November 30, 2019 through December 4, 2019. Mrs. Snowton has available sick time and requested that it be used for her leave. Accordingly, we hereby demand that the appointing authority provide Mrs. Snowton with its designation for her FMLA application and provide her pay for the week of sick leave amounting to $1,010.75.

**TIMELINE OF EVENTS**

The following timeline of events outlines the actions taken by Mrs. Snowton since taking leave and her request for FMLA.

1

# Stephanie Dovalina, Esq.

700 Camp Street, Suite 105
New Orleans, LA 70130
504.528.9500 (Office)
504.353.9516 (Facsimile)
504.339-9815 (Mobile)

stephanie@dovalinalawgroup.com
Licensed in Louisiana
Georgia, and Mississippi

- On Tuesday, November 26, 2019, Mrs. Snowton participated in a meeting with a panel of physicians and medical personnel in reference to changes in her husband's serious medical condition.
- On Wednesday, November 27, 2019 Mrs. Snowton obtained permission from acting supervisor, Gloria Meisky to leave early for the day to take needed medication attributed to anxiety from stressors with her husband's medical condition, exacerbated with the stressors of the work environment.
- On Wednesday, November 27, 2019, Mrs. Snowton received an email from Mr. Christopher Trosclair advising of a new supervisor's schedule for December 2019. The schedule had Mrs. Snowton scheduled to report for training on Saturday November 30, 2019 for work.
- On Friday, November 29, 2019, Mrs. Snowton emailed and texted Mr. Trosclair to notify him that she would be out on sick leave the following day, November 30, 2019.
- On Saturday, November 30, 2019, Mrs. Snowton emailed Mr. Trosclair advising that she would be out on sick leave for Sunday December 1, 2019.
- On Monday, December 1, 2019, Mrs. Snowton received a call from a physician at the hospital notifying her of additional complications with her husband's condition which required surgery. In response to this development, Mrs. Snowton emailed Mr. Trosclair on Tuesday, December 2, 2019, that she would be out on sick leave.
- The same day, on December 2, 2019, Mrs. Snowton received an email from Mr. Trosclair stating to provide a written statement by a registered physician or other accepted authority certifying that she was ill and unable to work during the period of sick leave of absence as stated in emails.
- On December 2, 2019, Mrs. Snowton notified Mr. Trosclair via text and email that she would be out on sick leave the remainder of the week.
- On Wednesday December 3, 2019, Mrs. Snowton submitted medical documentation from her physician indicating that she was a patient under care on medication that required her to be on sick leave.
- On December 6, 2019 Mrs. Snowton notified Mr. Trosclair that her condition had not changed and that she submitted FMLA documentation as it relates to her spouse's serious medical condition. She informed Mr. Trosclair that she would utilize her sick leave for days she was ill, in addition to being on FMLA until further notice in reference to her husband's medical condition in which she would use sick leave as well.
- On December 10, 2019, Mrs. Snowton received your letter advising that she was AWOL. To date, no indication or notice has been provided to Mrs. Snowton concerning her eligibility for FMLA.

## JEFFERSON PARISH POLICIES

The following are the applicable Jefferson Parish policies for FMLA requests:

1. Jefferson Parish Department of Personnel Rules of the Classified Service (Ordinance No. 4074), Section 16 FAMILY AND MEDICAL LEAVE, provides as follows:

2

DSNOWTON001885

# Stephanie Dovalina, Esq.

700 Camp Street, Suite 105
New Orleans, LA 70130
504.528.9500 (Office)
504.353.9516 (Facsimile)
504.339-9815 (Mobile)

stephanie@dovalinalawgroup.com
Licensed in Louisiana
Georgia, and Mississippi

"*Employees **shall** be entitled to and **shall** be granted Sick Leave, Annual Leave, Parental Leave, compensatory time, and/or Leave Without Pay for Family and Medical Leave purposes in order to comply with the Family and Medical Leave Act of 1993. The Director shall develop and promulgate to all Parish Appointing Authorities, a written Family and Medical Leave Policy which sets forth guidelines and procedures necessary for implementation of the FMLA.*"

2. Jefferson Parish FMLA Policy Regarding the Family and Medical Leave Act of 1993, provides in pertinent parts as follows:

### Section 1. Policy Statement: Family and Medical Leave Act of 1993 as amended

"*It **shall** be the policy of the Personnel Department that all Parish departments, offices, agencies and special districts **shall** comply with the provisions of the Family and Medical Leave Act of 1993 as amended when taking actions under the Personnel Rules regarding leaves of absence.*"

### Section 3. Entitlement to leave

**3.1** *An eligible employee shall be entitled to a total of twelve (12) workweeks of leave during any twelve (12) month period for one or more of the following:*

*(C) In order to care for the spouse, or a son, daughter, or parent of the employee, if such spouse, son, daughter, or parent has a serious health condition.*

### Section 6 Application for leave

*The appointing authority shall review all requests for leave of absence to determine if the requested leave qualifies as Family and Medical Leave required under this policy. All leave so identified must be applied for by completing the attached "Application for Family and Medical Leave". In all circumstances the appointing authority must designate leave, paid or unpaid, as FMLA-qualifying, and give notice of the designation to the employee.*

<u>*When an employee informs the appointing authority that they have a need for FMLA leave or when an appointing authority acquired knowledge than the employee's leave may be for an FMLA-qualifying reason, the appointing authority must notify the employee of their eligibility to take FMLA within five business days (absent extenuating circumstances) by providing the "Notice of Eligibility of Rights & Responsibilities" to the employee.*</u>

<u>*Once the appointing authority has acquired knowledge that the leave is being taken for an FMLA reason, the appointing authority shall promptly (within five (5)*</u>

3

# Stephanie Dovalina, Esq.

700 Camp Street, Suite 105
New Orleans, LA 70130
504.528.9500 (Office)
504.353.9516 (Facsimile)
504.339-9815 (Mobile)

stephanie@dovalinalawgroup.com
Licensed in Louisiana
Georgia, and Mississippi

*business days absent extenuating circumstances) notify the employee that paid leave is designated and will be counted as FMLA leave. If there is a dispute as to whether paid leave qualifies as FMLA leave, it should be resolved through discussions between the appointing authority and the employee. Such discussions and the decision must be documented.*

*The appointing authority's notice that leave has been designated as FMLA leave may be oral or in writing. If the notice is oral, it shall be confirmed in writing, no later than the following pay day (unless the payday is less than one week after the oral notice, in which case the notice must be no later than the subsequent payday.*

The appointing authority's actions are in violation of state and federal law as well as its own policies and procedures. We require an immediate response to Mrs. Snowton's FMLA application. If you are of the opinion that her application is incomplete then you must notify us of the deficiency. Mrs. Snowton meets the requirements under the Family Medical Leave Act of 1993. If you deny Mrs. Snowton's request for FMLA leave for her husband's serious medical condition you must provide the reason why she is not eligible. If these actions are not rectified, we will pursue all avenues of redress to the fullest extent of the law.

Sincerely,

Stephanie Dovalina, Esq.

Cc: Gretchen Tilton (gtilton@jeffparish.net; JPHumanResources@jeffparish.net)
Christopher Trosclair (CTrosclair@jeffparish.net)

DSNOWTON001887