UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONYA D. DECOU-SNOWTON, *Plaintiff* | * * * | CIVIL ACTION NO. 21-1302 |
| VERSUS | * * | DIVISION: 1 |
| JEFFERSON PARISH, ET AL., *Defendants* | * * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Amend Judgment. ECF No. 98. For the following reasons, the Motion is GRANTED in part and DENIED in part. The typographical errors and two of the factual misstatements identified by plaintiff shall be corrected as stated herein, and a corrected Order and Reasons shall be issued. However, plaintiff has not established that the Court's judgment, analysis, or conclusions should be amended: they will not be.

Background

On July 6, 2021, plaintiff Donya Decou-Snowton filed this employment discrimination lawsuit arising out of her employment as a probation officer for Jefferson Parish.[1] Defendants filed a motion for summary judgment on November 14, 2023, with a 53-page memorandum in support and about 550 pages of exhibits. Snowton filed her 60-page memorandum in opposition, along with about 450 pages of exhibits, under cover of a Motion for Leave to File Excess Pages, on November 28, 2023. The Court granted the motion for leave the next day. On November 30, 2023, Snowton filed a motion to substitute all her exhibits with a new set, reporting that "[u]pon downloading and reviewing the exhibits . . . it was discovered that the watermark identifying each exhibit number on the exhibits uploaded was missing." ECF No. 84. The new version of the

---

[1] The full factual background is recounted in the Court's January 3, 2024, Order and Reasons (Rec. Doc. 91) and will not be restated here.

1

exhibits had been corrected to add the exhibit numbers. Defendants filed their reply memorandum in December 4, 2023. On December 15, 2023, the Court continued the trial, which had been set to begin on January 8, 2024. Due to the voluminous summary judgment briefing and evidence filed so close to trial, the Court needed additional time to resolve the pending motions and sought to save the parties the expense of trial preparation pending a ruling. On January 3, 2024, the Court granted the defendants' Motion for Summary Judgment, dismissing Snowton's claims with prejudice. ECF No. 91. Judgment in defendants' favor was entered the same day. ECF No. 92.

Presently before the Court is Snowton's Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). She argues that the motion should be granted because of clerical and technical difficulties experienced by her counsel due to a power outage. Counsel claims that this resulted in "issues with her exhibits and inadvertent missing documents within those exhibits." ECF No. 98-1, at 22. She also argues that the motion should be granted to address 5 typographical errors with regard to citation of exhibits. The remainder of her motion is devoted to the merits of her claims: she urges the Court to find that she has presented evidence to defeat that Defendants' motion for summary judgment.

Defendants Jefferson Parish, Roy Juncker, and Christopher Trosclair oppose the Motion to Amend Judgment. They submit that Snowton is attempting a second bite at the apple by raising nearly identical arguments that she previously raised in opposition to summary judgment. They argue that all evidence and arguments that she now submits were readily available to her when she filed her opposition memorandum. They insist that the present motion is not the proper vehicle for rehashing legal theories, evidence, and arguments that could have—and should have—been raised in her opposition to their motion for summary judgment.

Law and Analysis

1. *Motion for Reconsideration*

   a. *Standard*

Pursuant to Federal Rule of Civil Procedure 59(e), a "motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Proc. 59(e). Such a motion "calls into question the correctness of a judgment" and "is properly invoked 'to correct manifest errors of law or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). Thus, a party may bring a Rule 59(e) motion on three possible grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). Importantly, "a motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)) (alteration in original).

Reconsidering a judgment is extraordinary, and the Court "must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence." Shimon , 2007 WL 101038, at *2. "[I]n striking the proper balance in these circumstances, the court should consider, among other things, (1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was available to plaintiffs before they responded to the summary judgment motion, and

3

(4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." Ford v. Elsbury, 32 F.3d 931, 937–38 (5th Cir. 1994).

      b. *Analysis – Typographical Errors*

Snowton identifies two typographical errors in the Court's Order and Reasons. As defendants point out, the appropriate rule for such corrections is Federal Rule of Civil Procedure 60(a), which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The Court may do so on motion or on its own, with or without notice."

Pursuant to Rule 60(a), the Court hereby corrects its January 3, 2024, Order and Reasons as follows:

1. Order and Reasons page 2 (ECF No. 91, at 2): The Court's reference to the CCS Form as appearing at ECF No. 83-5 is hereby corrected to refer to ECF No. 83-4.

2. Order and Reasons pages 5-7 (ECF No. 91, at 5-7): The Court's references to Pl.'s Resp. to Def.'s Stmnt. Of Uncont. Facts as appearing at ECF No. 77-2 on pages 5, 6, and 7 are hereby corrected to refer to ECF No. 83-1.

      c. *Analysis – Factual Errors*

Snowton also identifies three purported factual errors in the Court's Order and Reasons. These alleged errors do not bear on the Court's conclusions, yet they are not mere typographical errors.

First, she points out that on page 3 of the Order and Reasons, the Court states that "As a result of this meeting and the issues giving rise to the meeting, Juncker decided to move Snowton into a different position serving as Case Supervisor at a different location effective September 27, 2019." She submits that this change in her duties did not result in a location change. Defendants

do not deny that the Court's statement was in error but assert that the error is harmless. The Court notes that it understood based on the evidence submitted that Snowton's location had changed because Snowton's response to defendants' statement of uncontested facts with regard to the supervision change states that "the supervision change to caseload *on the Westbank* would be completed on September 27, 2019." ECF No. 83-1, at 15 (emphasis added). She cited Roy Juncker's August 26, 2019, email stating, "The supervision change we discussed at the end of our meeting last Thursday will be completed on Friday, September 27th. That is a month from tomorrow. You will be taking over LaShaunda Thomas' caseload on the Westbank at that time." ECF No. 77-6, at 97. Additionally, in her response to defendants' uncontested facts, Snowton states that she "was required to move offices on Friday, September 18, 2019, in anticipation of her move to supervise casework." ECF No. 83-1, at 16. These assertions indicated to the Court that Snowton had been moved to the Westbank. Critically, the Court's reference to the location of Snowton's work is immaterial to the Court's analysis or conclusions. To the extent the statement is an error, it is harmless. Nonetheless, for clarity of the record, the Court hereby corrects page 3 of the Order and Reasons to delete the words "at a different location."

Snowton also submits that she "did not hold the position of Probation Officer III after her demotion, she was demoted to the position of Juvenile Home Detention Supervisor at the Rivarde Juvenile Detention Facility." She does not identify the specific error corresponding to this statement in the Court's Order and Reasons. On page 6 of the Court's Order and Reasons, the Court observes that "On November 26, 2019, Snowton received a disciplinary letter advising that she would be demoted to Juvenile Home Detention Supervisor effective November 30, 2019." Nowhere does the Court state that she remained a Probation Officer III after her demotion. The Court finds no error in need of correction.

Finally, Snowton asserts that she was not a Probation Officer II but a Juvenile Home Detention Supervisor after her demotion. She references page 6 of the Court's Order and Reasons where, in addition to stating that she was "demoted to Juvenile Home Detention Supervisor," the Court stated that Snowton would be "classified as Probation Officer II." Defendants do not deny that the Court's statement was in error but assert that the error is harmless. The Court agrees that, to the extent this statement is erroneous, the error is harmless: the Court correctly stated that Snowton had been demoted to Juvenile Home Detention Supervisor and concluded that the demotion qualified as an adverse employment action. Whether the Juvenile Home Detention Supervisor position was classified as Probation Officer II has no material impact on the Court's analysis. Nonetheless, for clarity of the record, the Court hereby corrects page 6 of the Order and Reasons to delete the statement "but she would be classified as Probation Officer II."

    d. *Analysis – New Evidence*

Snowton's Motion to Amend Judgment also appears to seek to amend the Court's analysis and conclusions by arguing the merits of her opposition to summary judgment and arguing that the judgment should be amended to prevent manifest injustice. Yet Snowton does not argue that there has been an intervening change in controlling law. She does not identify a clear error of law. She does not identify any factual errors bearing on the Court's analysis or conclusions. And although she refers generally to documents missing from her original submission of exhibits and attaches about 470 pages of exhibits to her present motion, she does not argue that she has newly discovered evidence. In fact, she fails to even identify the "inadvertent missing documents" that purportedly justify amending the judgment. The vast majority of the exhibits that she has attached to her Motion to Amend appear identical to those attached to her Opposition to Defendants' Motion for Summary Judgment. Upon this Court's review, there are six new exhibits. Not one of these

6

exhibits[2] were referenced or cited in her opposition to defendants' Motion for Summary Judgment, belying any argument that they were mistakenly omitted due to a technical error. It appears there may also be additional pages of deposition testimony, but Snowton does not highlight what she may have intended to include with her original opposition.

Nonetheless, the Court considers whether any newly attached evidence justifies amending the judgment. Under the circumstances, the reasons for Snowton's default are less than availing. Although the Court is sympathetic to clerical and technical difficulties experienced by counsel due to a power outage, the filings do not support finding that Snowton actually intended to attach any of the evidence she now seeks to present. Except for a few pages of deposition testimony,[3] all evidence she cited in opposition was actually attached. After experiencing the power outage, counsel reviewed the exhibits the following day and determined that the exhibit stamps were missing. Yet, to the extent she had intended to attach additional exhibits, she did not notice it at that time. A week later when defendants filed their reply, Snowton still did not realize that—to the extent she actually intended to include any additional evidence—any evidence was missing from her exhibits. Even in preparing the pretrial order prior to the cancellation of the pretrial conference, Snowton did not determine that any evidence was missing from her opposition to summary judgment (if any evidence was, indeed, missing). Only after judgment was entered against her has she raised her theory of "inadvertent missing documents." Snowton's reason for default does not weigh in favor of amending the judgment.

---

[2] Exhibit 2 appears to be Snowton's personnel file, Exhibit 4 is an organizational chart, Exhibit 5 is a February 2019 email announcing a position open for employee rotation, Exhibit 15 is a January 2019 email chain with Luis Bustamente regarding adding another user to the BI Total Access system, Exhibit 19 is a December 2019 email forwarding an email from Snowton titled "FMLA Important Information" although the body of the forwarded email and any attachments are not included, and Exhibit 32 is an email chain between counsel from April 2020.

[3] Of note, the Court identified three instances where Snowton cited deposition testimony but failed to include the cited pages in her exhibits. For purposes of her opposition, though, and as was made clear in its Order and Reasons, the Court considered these facts as if they had been supported.

As to the importance of the allegedly omitted evidence, Snowton has not offered any argument. As noted above, she has not identified the missing evidence, let alone explained why it is important to her case. Of those exhibits identified by the Court as new, only one has been cited by Snowton in the more than 20 pages of her memorandum in support of amending the judgment that she devotes to factual background. That exhibit is her personnel file, offered in further support of a statement that was already supported by her deposition testimony—that prior to 2019 she had always received "Meets Expectations" or higher on her evaluations.[4] She does not discuss or rely on the remaining new exhibits. The Court cannot conclude that the allegedly missing evidence is of any importance at all. This factor weighs against amending the judgment.

The next factor is whether the evidence was available to Snowton when she responded to the summary judgment motion. She does not argue that the evidence became available afterwards, and it appears that all evidence that Snowton now presents was available at the time she responded to defendants' summary judgment motion. Similarly, all law and analysis she now presents was available to her at the time she opposed summary judgment in November 2023.[5] This factor weighs against amending the judgment.

---

[4] Compare Memo. in Supp. of Mo. to Amend Judgment, ECF No. 98-1, at 2 with Opp. to Mo. for Sum. Judgment, ECF No. 83, at 13.

[5] For example, Snowton cites two Fifth Circuit cases that she did not cite in her memorandum in opposition to summary judgment. Notably, both of the cited decisions were issued prior to the filing of her opposition memorandum and could, therefore, have been included in her briefing. In any event, neither announces a new rule of law and neither is analogous to the present case. In Murillo v. City of Granbury, plaintiff had been terminated on the day her FMLA leave expired when she did not return to work—indeed, within minutes of her not showing up. No. 22-11163, 2023 U.S. App. LEXIS 26064, at *10 (5th Cir. Oct. 2, 2023). The Fifth Circuit reversed summary judgment. Here, though, Snowton's FMLA leave ended months prior to her termination. In the interim, she was in continued discussions about obtaining an ADA accommodation in the form of additional time off.

In Campos v. Steves & Sons, Inc., the Fifth Circuit considered —amongst numerous other examples of evidence that could be interpreted in plaintiff's favor—that the company had not terminated the plaintiff's employment when he previously exceeded his FMLA leave. 10 F.4th 515, 529 (5th Cir. 2021). Snowton did not argue that she had previously been allowed to exceed FMLA leave in opposing summary judgment although this fact, if true, was available to her at the time. Even now she fails to present any evidence supporting such a statement. Moreover, the Fifth Circuit in Campos considered numerous other factors not present here.

Considering that these factors weigh against amending the judgment, the Court finds it unnecessary to address the prejudice that defendants would suffer if the judgment were amended.[6]

Under the circumstances, the Court can find no basis to amend the judgment or the Court's analysis and conclusions in its Order and Reasons. Snowton's motion merely rehashes the evidence and argument that she has already submitted. But she has not shown any reason to disturb the finality of the Court's judgment or to reconsider the merits of the Court's reasoning and analysis.

<u>Conclusion</u>

For the foregoing reasons, Snowton's Motion to Amend Judgment (ECF No. 98) is GRANTED in part as to the typographical errors and the factual misstatements regarding the change in Snowton's location in September 2019 and regarding her classification as Probation Officer II in November 2019. These immaterial errors are corrected as stated herein, and a corrected Order and Reasons reflecting these revisions but identical to the original in all other respects shall be issued. The other alleged factual misstatement is not an error and does not warrant correction. As to the merits of Snowton's opposition to summary judgment, she has not shown she is entitled to an amended judgment and her Motion to Amend is DENIED. The substance and conclusions of the Court's Order and Reasons shall remain unaltered and the Court's judgment shall remain in effect.

New Orleans, Louisiana, this 8th day of April, 2024.

                                                                  Janis van Meerveld
                                                          United States Magistrate Judge

---

[6] There is no reason to believe that consideration of the additional evidence would result in denial of summary judgment. As a result, the prejudice to defendants is unclear.